

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

November 4, 1963

Honorable J. B. Morris
Chairman, Board of Regents
Lamar State College of
Technology
Beaumont, Texas

Opinion No. C-170

Re: Use that may be made of student
deposit fund earnings as outlined
in Article 2654d-1, Vernon's Civil
Statutes.

Dear Mr. Morris:

Your letter requesting the opinion of this office reads as follows:

"The Board of Regents of Lamar State College of Technology respectfully requests an opinion regarding the specific use of student deposit fund earnings as outlined in Article 2654d-1, Vernon's Texas Statutes.

"Section 3 provides that governing boards shall use the income from these deposits 'either for the purpose of making student scholarship awards to needy and deserving students or for the support of a general student union program, or for both such purposes.'

"Can the 'scholarship awards to needy and deserving students' be interpreted to include use of these funds for student loans, or can such student loans be made as a part of the phrase 'a general student union program'?

"In the past we have interpreted student loans to come under 'student scholarship awards to needy and deserving students,' and have assumed that it is within the power of our Board of Regents to make this determination under this statute.

"As far as we know there has been no previous departmental construction on this matter."

Sections 2 and 3 of Article 2654d-1, Vernon's Civil Statutes, provide:

"Sec. 2. There is hereby established a student deposit fund which shall be used for the purpose of scholarship awards and for the support of student union programs at the respective institutions in the manner hereinafter set forth. The income from the investment or time deposits shall become a part of this fund and any general property deposits which heretofore or hereafter remain without call for refund for a period of four (4) years from the date of last attendance at any of the institutions shall be forfeited and become a part of and operative to the permanent use and purpose of the student deposit fund. Direct expenses of the administration of the funds shall be paid from the student deposit fund. Nothing in this Act shall be construed to prohibit refund of any balance remaining in the 'General Property Deposits' when made on proper demand and provided the above limitation of four (4) years has not run. The governing boards of the respective institutions may require that no student withdraw his deposit until he has been graduated or has apparently withdrawn permanently from school.

"Sec. 3. The student deposit fund, consisting of the income from the investment or time deposits of the 'General Property Deposits' and forfeited 'General Property Deposits,' as provided in this Act, shall be used, at the discretion of the respective governing boards of the several institutions of higher education, either for the purpose of making student scholarship awards to needy and deserving students, or for the support of a general student union program, or for both such purposes. The governing boards shall ad-

minister the scholarship awards for the
institutions under their jurisdiction, includ-
ing the selection of recipients and the amounts
and conditions of the awards; provided, how-
ever, that the recipients of such awards are
residents of the State of Texas as defined for
tuition purposes. Any use of such funds for
the support of student union programs shall
be approved as to amount and purpose by the
respective governing boards of the several
institutions; provided, however, that at the
Main University of The University of Texas,
A. & M. College at College Station, and Texas
Technological College at Lubbock such funds
shall be available for scholarship purposes
only."

Under this statute, the student deposit fund may be used
for purposes of (1) student scholarship awards and (2) a general
student union program.

A student union program is limited to recreational and
social activities among the students. Therefore, it seems clear that
the student deposit fund may not be used for student loans under the
clause relating to a general student union program.

In answer to the remaining portion of your question,
Webster's New Collegiate Dictionary defines scholarship as "a founda-
tion for the support of a scholar or student who is in a college." In
Ussery v. United States, 296 F.2d 582, the Court defined scholarship
as an "allowance" to aid a student in the prosecution of his studies.

The statute itself does not merely say scholarship, but
states that the fund shall be used for scholarship "awards," etc.
There are no cases, Texas or elsewhere, defining "award" in this conno-
tation. Again, Webster's New Collegiate Dictionary defines it as "that
which is awarded, as a prize or honor," and as a synonym for "grant."
This, in turn, is defined as " . . . allowance . . . . Thing or property
granted; gift; . . . granted by the government."

In addition, Section 1 of the statute provides that at least
part of these funds shall be invested in United States Government
Securities or fully secured bank time deposits. It seems clear that a
loan to a student would not meet these requirements. For these reasons

then, neither can scholarship awards to needy and deserving students be interpreted to include use of these funds for student loans.

### SUMMARY

The student deposit fund established by Article 2654d-1, V. C. S. may not be used for student loans under the clause relating to scholarship awards to needy and deserving students nor under the clause relating to a general student union program.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By *Charles B. Swanner*

Charles B. Swanner
Assistant Attorney General

CBS:nb

APPROVED

OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
James M. Strock
Arthur Sandlin
Robert O. Smith

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone